[No. 1538, August 28, 1913.]

J. S. and M. E. WILLIAMSON, Appellants, v. CHAS A. STEVENS, Sheriff Lincoln County, New Mexico, Appellee.

## SYLLABUS (BY THE COURT)

1. The form of execution and authentication of bills of sale for the transfer of title to live stock, except sheep, is

prescribed by section 119, C. L. 1897, which requires such bills of sale to be acknowledged by some officer authorized to take acknowledgments of conveyance of real estate, and which section, in that regard, repeals, by necessary implication, the provisions of section 75, C. L. 1897.

P. 206.

Appeal from the District Court of Lincoln County; Edward L. Medler, District Judge; reversed and remanded.

GEORGE B. BARBER, Lincoln, N. M., for appellants.

Valid sale of cattle in this state is accomplished by delivery of animals, accompanied by a written bill of sale signed by vendor and acknowledged by him. C. L. 1897, sec. 119; section 75 of the C. L. 1884 repealed by laws 1895 (C. L. 1897, sec. 119.)

Husband and wife may enter into contracts with each other. Laws 1907, chap. 37, sec. 15.

Bill of sale, Exhibit "D," complies with statute. C. L. 1897, s. 119.

Court erred in ruling out Exhibit "B," which is an exemplified copy of a judicial record. 17 Cyc. 326, and cases cited.

Exhibit "C" was a certified copy of a deed, certified to by the clerk of a court of record, and the same is admissible in evidence as an office copy. 17 Cyc. 326.

Possession of personal property is good evidence of title against all persons except the owner. Rogers v. Bates, 1 Mich. N. P. 93-94; Tolerton & Stetson Co. v. Petrie, 82 N. W. 199-201, 12 S. D. 595; Words & Phrases, vol. 6, 5467.

H. B. HAMILTON, Carrizozo, N. M., for appellee.

### OPINION OF THE COURT.

PARKER, J.—This is an action of replevin brought by the appellants in the Court below against the appellee. It

was tried before the court, without a jury, and resulted in a judgment for the appellee.

It appears that the appellee was Sheriff of Lincoln County, and, as such, levied execution upon some cattle as the property of one R. J. Wood. The defence was that the cattle were not the property of R. J. Wood, but were the property of Mattie M. Wood, the appellant's vendor. To show the ownership of Mattie M. Wood, appellants offered in evidence a bill of sale which the court excluded for the reasons set out in his findings, as follows:

"The plaintiff attempted to prove that Mattie M. Wood was the owner of these cattle by virtue of a bill of sale which the court ruled out on the ground that the same does not comply with the statute of New Mexico. The statute requires that bills of sale of cattle must be in writing and signed before two witnesses. The plaintiff in this case, having failed to show that Mattie M. Wood was the owner of these cattle in the manner required by law, at the time she executed the bill of sale to the plaintiff, judgment must go for the defendant. The law only provides one manner of transfer of range cattle, that is, by bill of sale conforming to the statute."

It thus appears that the court held it was necessary, in order to transfer the title to range cattle, in this state, that the bill of sale must be executed and witnessed by two witnesses. In this the court was in error. The section of the statute under which the District Court held that the bill of sale must be witnessed by two witnesses, is section 75, C. L. 1897. This section was enacted as section 11 of chapter 47 of the laws of 1884. The error into which the court fell, no doubt, arose out of an error in the annotations, of the compilers of the Compiled Laws of 1897, in which they cite this section as coming from section 7 of chapter 52, laws of 1897.

The law upon the subject of bills of sale of live stock, is section 119, C. L. 1897, which comes from section 15 of chapter 6 of the laws of 1895, and provides an entirely different form in which bills of sale shall be authenticated. It provides that bills of sale of animals shall,

instead of being witnessed by two witnesses, be acknowledged by the vendor before some officer authorized to take acknowledgments to deeds of conveyance. The act of 1895, being inconsistent with that of 1884, in this regard, operates, of necessity, as a repeal by implication of the earlier provisions. Bills of sale of sheep must be witnessed. Sec. 166, C. L. 1897.

It follows that the District Court committed error in excluding the bill of sale, and for the reasons stated the judgment of the court below will be reversed, and the cause remanded with instructions to award a new trial, and it is so ordered.